United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| VS. | §   CRIMINAL ACTION NO. H-08-283 § § |
| JEREMY VAUGHN PINSON | § |

## MEMORANDUM AND ORDER DENYING MOTION
## FOR REDUCTION OF SENTENCE

Jeremy Vaughn Pinson moved for a reduction of sentence to time served. (Docket Entry Nos. 125, 127). For the reasons stated below, the motion is denied.

**I.   Background**

In November 2006, in Case No. 16-114-R, in the Western District of Oklahoma, a jury convicted Pinson of making threats against the president, in violation of 18 U.S.C. § 871(a). In Case No. CR-07-23-R, Pinson pleaded guilty to making a false or fictitious statement, in violation of 18 U.S.C. § 1001(A)(2), and to mailing a threatening communication, in violation of 18 U.S.C. § 876(c). In April 2007, the District Court in Oklahoma imposed the statutory maximum sentence on each of the three counts, to be served consecutively, for a 240-month prison term. The Tenth Circuit affirmed. *United States v. Pinson*, 542 F.3d 822 (10th Cir. 2008).

In the present case, Pinson pleaded guilty to unlawfully making a threat against a federal law enforcement officer after mailing a threatening communication directed to a Special Agent of the Secret Service, in violation of 18 U.S.C. § 876. Pinson was sentenced in December 2008 to a 24-month prison term, 12 months to be served consecutive to, and 12 months to be served concurrently with, the Oklahoma sentences.

In the Oklahoma District Court, Pinson moved in January 2020 for a reduction in sentence under 18 U.S.C. § 3582. In February 2020, the Oklahoma court dismissed the motion, finding that Pinson had failed to show that he had exhausted his administrative remedies, as required for the court to consider a request for compassionate release. The Oklahoma court held that even if Pinson had exhausted, a reduction of sentence was not justified; Pinson's criminal and institutional disciplinary history showed him to be a danger to the safety of other people and the community if released.

In March 2020, Pinson filed in this court a similar, *pro se* motion for reduction to a time-served sentence, under 18 U.S.C. § 3582. The request is based in part on claims that Pinson has been and will be attacked because of transgender status; that the Bureau of Prisons warden has failed to respond to a request for compassionate relief; and that Pinson's mother is in failing health. The same arguments were addressed and rejected in the Oklahoma court's February 2020 Order.

In a May 2020 supplement to the motion for reduction of sentence, Pinson also contends that confinement in a prison environment amid the coronavirus pandemic is an "extraordinary and compelling reason" for compassionate release. This argument, combined with the other grounds, fail to justify the relief sought.

## II. The Legal Standards

### A. Jurisdiction

"If an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal, except in aid of the appeal or to correct clerical errors under Rule 60(a)." *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984); *see also United States v. Pena*, 713 Fed. Appx. 271, 272–73 (5th Cir. 2017) ("An appeal divests the district court of its jurisdiction

over those aspects of the case involved in the appeal. An appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, except in aid of the appeal or to correct clerical errors" (internal citations omitted)).

Under Federal Rule of Criminal Procedure 37, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a); *see also* Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption (when Rule 37 is triggered, the court "can entertain [a § 3582(c)] motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue").

B. **Compassionate Release**

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (the district court's denial of compassionate release was not an abuse of discretion, although there was an extraordinary and compelling reason for sentence reduction, because the § 3553(a) factors weighed against release).

The factors listed under 18 U.S.C. § 3553(a) include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed to

3

    (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) afford adequate deterrence to criminal conduct;
    (C) protect the public from further crimes of the defendant; and
    (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
5) any pertinent policy statement issued by the Sentencing Commission;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (summarized).

In addition to the § 3553(a) factors, the court must also determine whether there are extraordinary and compelling reasons that warrant a sentence reduction and whether the reduction is consistent with the Sentencing Commission's policy statements. Section 1B1.13 of the Federal Sentencing Guidelines—"Reduction in Term of Imprisonment Under 18 U.S. C. § 3582(c)(1)(A) (Policy Statement)"—and the Application Notes are instructive.[1] "Extraordinary and compelling reasons" exist under the following circumstances:

(A) Medical Condition of the Defendant–
    (i) The defendant is suffering from a terminal illness. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-state organ disease, and advanced dementia; or
    (ii) The defendant is suffering from a serious physical or medical condition; suffering from a serious functional or cognitive impairment; or experiencing deteriorating physical or mental health because of the aging process; and
    (iii) The illness, condition, or impairment substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] The § 1B1.13 provisions concerning individuals who are at least 70 years old are inapplicable; Pinson is 34 years old.

(B) Age of the Defendant – The defendant is at least 65 years old; is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances –
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; or
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13 (summarized).

A defendant may not move for a sentence reduction under § 3582(c)(1)(A) until "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see, e.g., United States v. Orellana*, Criminal Action No. 4:17-CR-0220, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020) (denying defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) after finding that defendant failed to file a request); *United States v. Clay*, Criminal No. 2:18-1282-10, 2020 WL 2296737, at *3 (S.D. Tex. May 4, 2020) (the defendant's motion for compassionate release was not ripe because the defendant had failed to exhaust under § 3582).

### III. The Tenth Circuit Appeal and the Failure to Exhaust

#### A. Analysis

In April 2020, Pinson filed a notice of appeal from the Western District of Oklahoma's order denying the motion for sentence modification. The government argues that this court is

5

without jurisdiction to grant the relief Pinson requests, because Pinson is serving the 240-month portion of the overall federal sentence, which is under appeal. *See Nicol*, 743 F.2d at 299; *Pena*, 713 Fed. Appx. at 272–73. The government argues that the appeal deprives this court of jurisdiction. The government also argues that the motion before this court is not timely under Federal Rule of Criminal Procedure 37, because Pinson has not exhausted the administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Because Pinson failed to exhaust, the first argument need not be reached.

Pinson's motion does not refer to any attempts to exhaust administrative remedies. The Western District of Oklahoma Opinion and Order denying Pinson's earlier motion for compassionate release noted a November 2019 email Pinson sent to the warden requesting compassionate release, which the warden denied, and Pinson did not appeal. The Oklahoma court determined that Pinson did not meet the requirement of § 3582(c)(1)(A) to fully exhaust administrative rights. The court agrees.

### B. The Request Fails on the Merits

The Oklahoma court also made it clear that, even if Pinson had exhausted, a reduction of sentence was not justified under § 3582(c)(1). In weighing humanitarian considerations against the severity of Pinson's offenses, and considering whether there exist "extraordinary and compelling reasons" that warrant a sentence reduction, the court held that releasing Pinson would be a danger to the safety to others and the community. Again, this court agrees. The record amply demonstrates Pinson's history of violence, which has continued during incarceration.

In the supplement to Pinson's motion for reconsideration of sentence filed in May 2020, Pinson argues for compassionate release because confinement in a prison environment amid the coronavirus pandemic by itself is an "extraordinary and compelling reason." Pinson, a 34 year-

old and apparently free of the most significant comorbidity factors, is housed at a high-security federal correctional institution in Tucson, Arizona, that has so far reported no significant outbreak. As of May 22, 2020, there are no updates indicating that Pinson has been individually affected due to possible exposure to COVID-19 while incarcerated.  Pinson does not meet the medical criteria for compassionate release, and, as noted, the federal institution where Pinson is incarcerated has not reported significant or hard-to-control outbreaks.  The § 3553(a) factors, including the nature of Pinson's offenses, Pinson's history and characteristics, the seriousness of the repeated offenses, and the need to protect the safety of the community, all support continued incarceration.

**IV.     Conclusion**

Pinson's motion for reconsideration of sentence and motion for compassionate release is denied.

SIGNED on May 28, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge