United States District Court
Southern District of Texas
**ENTERED**
September 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-08-283 |
| | § | |
| JEREMY VAUGHN PINSON | § | |

## ORDER ON RENEWED MOTION FOR COMPASSIONATE RELEASE

Jeremy Vaughn Pinson, representing herself,[1] filed a renewed motion seeking a sentence reduction under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). (Docket Entry No. 136). The government filed a response, opposing Pinson's request. (Docket Entry No. 137). Pinson filed a supplement to her motion, raising one additional claim for relief and seeking the appointment of counsel. (Docket Entry No. 138). Having reviewed the motion, the response and supplement, the law, and all matters of record, the court denies Pinson's motion. The reasons are explained below.

**I.      Background**

In November 2006, a jury in the Western District of Oklahoma convicted Pinson of making threats against the President of the United States, in violation of 18 U.S.C. § 871(a). *See United States v. Pinson*, No. 5:06-cr-114-R-1 (W.D. Okla.), at Dkt. 64. After the verdict, Pinson pleaded guilty in a separate case to making a false or fictitious statement, in violation of 18 U.S.C. § 1001(A)(2), and to mailing a threatening communication, in violation of 18 U.S.C. § 876(c). *See United States v. Pinson*, No. 5:07-cr-00023-R-1 (W.D. Okla.), at Dkt. 28. In April 2007, the Oklahoma district court consolidated the cases for sentencing and imposed the statutory maximum

---

[1]Pinson is a transgender woman. The court will use her preferred pronouns in this order.

sentence on each of the three counts, to be served consecutively, for a total prison term of 240 months. *See Pinson*, No. 5:06-cr-114-R-1 at Dkt. 94; *Pinson*, No. 5:07-cr-00023-R-1 at Dkt. 39. The Tenth Circuit affirmed Pinson's convictions and sentences. *See United States v. Pinson*, 542 F.3d 822 (10th Cir. 2008).

In 2008, Pinson pleaded guilty in this case to unlawfully making a threat against a federal law enforcement officer after she mailed a threatening communication to a Special Agent of the Secret Service, in violation of 18 U.S.C. § 876. (Docket Entry Nos. 36, 38). This court sentenced Pinson to a 24-month prison term, 12 months to be served consecutive to, and 12 months to be served concurrently with, the Oklahoma sentences. (Docket Entry Nos. 46, 50).

In January 2020, Pinson moved for a sentence reduction under 18 U.S.C. § 3582 in her Oklahoma cases. *See Pinson*, No. 5:06-cr-114-R-1 at Dkt. 166; *Pinson*, 5:07-cr-00023-R-1 at Dkt. 140. In February 2020, the Oklahoma court dismissed the motions, finding that Pinson had failed to show that she had exhausted her administrative remedies, as required by § 3582(c)(1)(A). *See Pinson*, No. 5:06-cr-114-R-1 at Dkt. 171; *Pinson*, 5:07-cr-00023-R-1 at Dkt. 145. The Oklahoma district court also found that even if Pinson had exhausted her administrative remedies, a sentence reduction was not justified because Pinson's criminal and institutional disciplinary history showed her to be a danger to the safety of other people and the community if released. *Id.* The Tenth Circuit affirmed the dismissal of Pinson's motions. *See United States v. Pinson*, 835 F. App'x 390 (10th Cir. 2020).

In March 2020, Pinson filed a similar motion for a sentence reduction in this case. (Docket Entry No. 125). That motion was based on claims that Pinson had been and will continue to be attacked because of her transgender status, and that Pinson's mother was in failing health. (*Id.*). In a May 2020 supplement to her motion, Pinson also sought a sentence reduction due to the

ongoing coronavirus pandemic. (Docket Entry No. 127). This court denied Pinson's motion, noting that the same arguments had been addressed and rejected in the Oklahoma court's February 2020 Order. (Docket Entry No. 129). Pinson filed a motion for reconsideration, (Docket Entry No. 132), which this court also denied. (Docket Entry No. 135).

Pinson has now filed a "renewed" motion for compassionate release or a reduction in sentence, asking this court to reduce her sentence in this case to time served. (Docket Entry No. 136). Pinson alleges that she has been held in solitary confinement for an excessive number of days and that she has been victimized and denied medical and psychiatric treatment because the Bureau of Prisons has no programs in place for transgender inmates. (*Id.*). She alleges that these facts constitute extraordinary and compelling circumstances entitling her to a sentence reduction. (*Id.*). She asks the court to appoint an expert to testify concerning the adequacy of the Bureau of Prison's treatment program for gender dysphoria and an expert to testify as to her current mental and physical condition. (*Id.* at 4-5). She also seeks the appointment of counsel to assist her in presenting her motion. (*Id.* at 5).

Pinson attached to her motion her sworn declaration stating that she handed a written request for a sentence reduction to Warden Gutierrez on March 6, 2023, but that he handed it back to her and refused to file it. (*Id.* at 6). One week later, Pinson saw Warden Gutierrez again and handed him the written request again. (*Id.*). This time, he agreed to keep the written request and took it with him; however, Pinson has never received any response to the request. (*Id.*) Pinson also attached the sworn declaration of her cellmate, Ernesto Zaragosa-Solis, III, attesting to the same facts. (*Id.* at 7). In addition to these declarations, Pinson attached a print-out of her Individualized Needs Plan, showing the educational and self-improvement courses she has taken while in prison. (Docket Entry No. 136-1, p. 2).

The government filed a response to this motion, contending that Pinson failed to exhaust her administrative remedies before filing her motion and that her allegations do not rise to the level of "extraordinary and compelling circumstances" that warrant a sentence reduction. (Docket Entry No. 137). The government attached a print-out of Pinson's disciplinary record, (*Id.* at 25-59), a print-out of her housing record, (*Id.* at 61-75), and a copy of the Bureau of Prisons Transgender Offender Manual, (*Id.* at 77-90), to its motion.

In response, Pinson filed a supplement to her motion, again seeking the appointment of counsel so that she can expand her motion to raise claims of an "unusually long sentence," her sexual abuse in prison, her criminal history, and the changes to the United States Sentencing Guidelines that will go into effect on November 1, 2023. (Docket Entry No. 138).

**II.    Analysis**

    **A.    Request to Appoint Counsel**

In both her motion and its supplement, Pinson asks the court to appoint counsel to assist her in her effort to shorten the sentence she agreed to when she pleaded guilty in this case. There is no constitutional or statutory right to counsel to litigate a motion for compassionate release or a sentence reduction under § 3582(c). *See, e.g., United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (rejecting the argument that a motion under § 3582(c)(2) was an "ancillary matter" requiring the appointment of counsel); *see also United States v. Fleming*, 5 F.4th 189, 193 & n.3 (2d Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." (quoting *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021))). Pinson's request for appointed counsel is denied.

### B. Exhaustion

Before filing a motion under § 3582(c), a prisoner must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [wait for] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Pinson alleges that she handed Warden Gutierrez a written request for a sentence reduction in mid-March 2023. (*Id.*). She alleges that "after ten minutes of arguing with him," Warden Gutierrez accepted her request for filing, but she has never received a response. (*Id.*). The government responds that the prison where Pinson is incarcerated has records of the requests for a sentence reduction that she filed in 2019 and 2020 but no record of any request filed since that time. (Docket Entry No. 137, p. 9).

Section 3582(c) sets forth in clear language "what the defendant must do before [she] files a motion for compassionate release in federal court." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). The statute requires the defendant to submit a request to the Bureau of Prisons asking it to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). "The statute's language is mandatory," and if the defendant has not filed a request for release with Bureau of Prisons, "Congress has commanded that a 'court *may not* modify a term of imprisonment.'" *Franco*, 973 F.3d at 468 (quoting 18 U.S.C. § 3582(c)) (emphasis in original). This court has no authority to waive a requirement Congress has imposed. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (explaining in the context of the PLRA that "mandatory [statutory] language means a court may not excuse a failure to exhaust").

Regardless of what Pinson may have tried to do by handing a written request for a sentence reduction to Warden Gutierrez, the Bureau of Prisons has no record of her request and so has not had the opportunity to consider the circumstances she raises in her motion. Pinson's allegations

5

do not show that she properly exhausted her administrative remedies as required by § 3582(c). The court dismisses her motion for compassionate release without prejudice for failing to exhaust administrative remedies.

### C. Merits

Even if the court were to accept Pinson's allegations and find that she had exhausted her administrative remedies, the court would deny her motion because she does not demonstrate extraordinary and compelling reasons that would warrant a sentence reduction. Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). But a court may grant a defendant's motion for a sentence reduction if "extraordinary and compelling reasons" justify such a reduction. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citing § 3582(c)(1)(A)(i)). If a court finds an extraordinary and compelling reason for a sentence reduction, it must then "provide specific factual reasons, including but not limited to due consideration of the [18 U.S.C.] § 3553(a) factors, for its decision" to reduce the sentence. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (cleaned up). If the court does not find an extraordinary and compelling reason for a sentence reduction, it need not consider the § 3553(a) factors. *See Dillon*, 560 U.S. at 826-27.

#### 1. Extraordinary Circumstances

In her motion, Pinson identifies two circumstances that she contends constitute extraordinary and compelling reasons for a reduction of her sentence: her extended time in solitary confinement, and the Bureau of Prison's alleged failure to provide appropriate medical and mental health services to her or to prevent her victimization as a transgender woman. In her supplement, she adds a claim based on her "extraordinarily long sentence." None of these allegations show extraordinary and compelling circumstances.

Pinson claims that she has been held in solitary confinement for more than 5,000 days, which she contends is cruel and unusual punishment that constitutes an extraordinary circumstance justifying a sentence reduction. But the records provided by the government show that Pinson's time in solitary confinement is a circumstance of her own making. Pinson has been sent to and kept in solitary confinement as a result of her prison disciplinary convictions, which include multiple convictions for threatening bodily harm to prison staff, assaulting prison staff and fellow inmates, fighting with other inmates, tampering with security devices, lying or falsifying statements, and destroying property. Pinson's time in solitary confinement appears to be a result of her own misconduct. On this record, no sentence reduction is justified.

Pinson also claims that she has been repeatedly victimized because she is transgender, that the Bureau of Prisons has no programs in place to protect her from assaults or to deal with either the mental or physical health of transgender inmates, and that this extraordinary circumstance warrants a reduction in her sentence. The government has provided a copy of the Bureau of Prison's Transgender Offender Manual, which sets out the programs the Bureau of Prisons has in place to address "the increased risk of suicide, mental health issues, and victimization of transgender inmates." (Docket Entry No. 137, p. 77). The manual shows that the Bureau of Prisons has an extensive program in place for transgender inmates, including dedicated mental health services, specialized reentry programs, and extensive medical treatment options. In addition, both the Oklahoma district court and the Tenth Circuit have already concluded that Pinson's status as a transgender inmate, standing alone, is not an extraordinary or compelling circumstance that would support compassionate release or a sentence reduction. *See, e.g., Pinson*, 835 F. App'x at 395; *see also United States v. Wolaver*, No. CR12-1606 JCH, 2022 WL 3154140, at *2-3 (D.N.M. Aug. 8, 2022) (recognizing the extensive and enhanced protections afforded to

transgender inmates under the 2022 version of the Bureau of Prison's Transgender Offender Manual and noting that the defendant's "status as a transgender female housed in a men's prison is not an extraordinary and compelling circumstance that causes the Court to grant compassionate release"). In light of the protections under the programs outlined in the Bureau of Prison's Transgender Offender Manual, the court does not find that Pinson's transgender status and the challenges that it poses are sufficiently extraordinary or compelling as to warrant her compassionate release or a reduction in her sentence.

Finally, Pinson's claim regarding her "extraordinarily long sentence" is not supported by the record. While Pinson was sentenced to the statutory maximum sentences in her Oklahoma cases, the sentence in this case is at the low end of the Sentencing Guidelines range. (Docket Entry No. 51). This court further reduced the length of Pinson's sentence in this case by ordering 12 months of it to run concurrently with the Oklahoma sentences. (Docket Entry No. 50). The sentence imposed by this court was not "extraordinarily long," and the length of this sentence is not an extraordinary or compelling circumstance that supports a claim for a sentence reduction.

### 2. 18 U.S.C. § 3553(a) Factors

Without an extraordinary or compelling reason sufficient to justify a reduction in Pinson's sentence, the court need not address the § 3553(a) factors. *See Dillon*, 560 U.S. at 826-27. But if the court were to reach that step, those factors provide no basis for relief.

Section 3553(a) requires the court to consider the following factors when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the applicable category of offense or defendant; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among

defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). In addition, the court should consider whether the defendant "is a danger to the safety or any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13 cmt.n.4 (U.S. Sent'g Comm'n 2021).

The nature of Pinson's offenses show that she has a propensity for violence. She has made threats against the President of the United States, falsely stated that a fellow inmate intended to kill a federal judge, sent a letter to the Oklahoma district court threatening to harm one of the jurors who served in her initial criminal case, and mailed a threatening letter to a Special Agent of the Secret Service. These offenses are serious ones for which prison time is warranted. Pinson's sentence in this case is at the low end of the Guidelines range. Her prison disciplinary records show that she has been convicted more than 80 times for serious infractions, including threatening bodily harm to prison staff, assaulting prison staff and fellow inmates, fighting with other inmates, tampering with security devices, making false statements, and destroying property. (Docket Entry No. 137, pp. 25-59). The most recent of these convictions, for threatening bodily harm against a female psychologist, occurred in February 2023. (*Id.* at 25). Pinson's record of behavior, both before and during her incarceration, compels the court to conclude that she would be a danger to the safety of other people or the community if she were released and that a reduction in her sentence is not warranted.

Pinson has not shown an extraordinary or compelling reason for a sentence reduction, and, even if she had, the § 3553(a) factors do not weigh in her favor. Even if Pinson had exhausted her administrative remedies, her renewed motion for compassionate release or a sentence reduction would be denied.

### III.    Conclusion

Jeremy Vaughn Pinson's motion for compassionate release or a reduction in sentence, (Docket Entry No. 136), is **denied** without prejudice for failure to exhaust her administrative remedies.

SIGNED at Houston, Texas on  September 14, 2023.

                                                                                                 _____
                                                                                                        Lee H. Rosenthal
                                                                                                   United States District Judge